```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__7/20/2020__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
   UNITED STATES OF AMERICA,                    :
                                                :
               -against-                        :          17-CR-438 (VEC)
                                                :
   EDWIN ARAUJO,                                :             ORDER
                                                :
                           Defendant.           :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

        WHEREAS on September 6, 2018, Mr. Araujo pleaded guilty to one count of conspiracy

to violate racketeering laws, in violation of 18 U.S.C. § 1962(d) (Dkt. 382);

        WHEREAS on May 2, 2019, this Court sentenced Mr. Araujo to 125 months'

imprisonment, consecutive to the sentence he was then serving; (*see* Dkt. 533)

        WHEREAS on May 15, 2019, Mr. Araujo filed a notice of appeal of his judgment of

conviction (Dkt. 532);

        WHEREAS the appeal of Mr. Araujo's conviction remains pending;

        WHEREAS on June 9, 2020, Mr. Araujo moved for compassionate release pursuant to 18

U.S.C. § 3582(c) (Dkt. 562);

        WHEREAS on June 26, 2020, the Government opposed the motion (Dkt. 566);

        WHEREAS Mr. Araujo did not file a reply to the Government's opposition by the July

13, 2020 deadline, and as of today's date, has still not filed a reply (*see* Dkt. 568);

        WHEREAS a court may, according to the plain language of 18 U.S.C. § 3582(c),  reduce

Mr. Araujo's sentence under the rubric of compassionate release *only* "upon motion of the

Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully

exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," 18 U.S.C. § 3582(c)(1)(A);

IT IS HEREBY ORDERED THAT: Mr. Araujo's motion for compassionate release is DENIED for lack of jurisdiction.  Because the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co*., 459 U.S. 56, 58 (1982), this Court lacks jurisdiction to modify Araujo's sentence. *See United States v. Martin,* No. 18-CR-834, 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020) ("Once [defendant] filed his notice of appeal challenging the Court's sentence, jurisdiction over the question raised in his § 3582(c) motion transferred to the Second Circuit.").

Even if the Court retained jurisdiction, however, the motion would be denied on the merits. *See United States v. Skelos*, No. 15-CR-317, 2020 WL 2508739, at *2 (S.D.N.Y. May 15, 2020) (noting that the "[d]efendant's pending appeal deprives this Court of jurisdiction to grant his motion for compassionate release," but that "[b]ecause the Court would deny Defendant's motion if he had not filed a notice of appeal, in the interests of judicial economy, the Court reaches the merits pursuant to Rule 37, and denies the motion").  Petitioner fails to demonstrate "extraordinary and compelling reasons" warranting a sentence reduction.  Although Mr. Araujo claims he suffers from early-onset arthritis, high cholesterol, and asthma,[1] he is not currently ill from COVID-19 or anything else.  Moreover, Araujo's presentence report noted that "Araujo reported no history of serious illnesses or medical conditions."  PSR, Dkt. 417 ¶ 147.

---

[1]       The Court notes that Mr. Araujo claimed to have asthma for the first time during a BOP sick call on June 3, 2020, Gov. Opp, Dkt. 566 Ex. A at 1, shortly before he filed his motion for compassionate release. *See* Dkt. 562. Mr. Araujo's BOP medical records from the June 3, 2020, visit state that Mr. Araujo "does not have any history of Asthma in his nearly 7 years of his BOP stay so far," and conclude that there was "nothing found" from the general adult medical exam conducted. Gov. Opp. Dkt. 566 Ex. A at 1.  Moreover, the PSR noted that Araujo reported no history of any medical conditions and was not "taking any prescription medications," such as an asthma inhaler. PSR, Dkt. 417 ¶ 147.

Even if Mr. Araujo had demonstrated "extraordinary and compelling reasons" warranting a sentence reduction (which he did not), his release at this point, after serving only three of the 125 months' sentence imposed by this Court, would be an inadequate punishment for his crime, considering the applicable factors set forth in 19 U.S.C. § 3553(a).[2]  Lastly, Mr. Araujo poses a significant danger to the community; not only does Mr. Araujo have a long history of violent robberies, but he ran an extensive narcotics smuggling operation while imprisoned, generating at least $25,000 that was deposited to his commissary account, and has continued to accrue disciplinary shots subsequent to his sentence in this case.

The Clerk of Court is respectfully directed to close the open motion at docket entry 562. A copy of this order will be mailed to Mr. Araujo by chambers.[3]

**SO ORDERED.**

**Date:  July 20, 2020**
       **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**

---

[2]      Mr. Araujo previously served an 84-month sentence imposed by Judge Carter in *United States v. Araujo et al.*, 13-CR-811 (ALC).  This Court imposed a sentence of 125 months' imprisonment in this case, to run consecutive to the sentence imposed by Judge Carter.  Dkt 533.

[3]      Mr. Araujo should take notice that if he again applies for compassionate release in advance of his projected release date in 2028, this Court will consider, in addition to his medical condition at that time, his disciplinary record and his educational record.  To the extent Mr. Araujo continues to misbehave in prison, that will be taken into account when weighing the 3553 factors.