USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/4/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

EDWIN ARAUJO,

Defendant.

17-CR-438 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on May 2, 2019, Mr. Araujo was sentenced principally to 125 months' imprisonment, which was within the applicable Guidelines range of 100 to 125 months, *see* Sentencing Tr. at 37:15-20, Dkt. 533; Supplemental Presentence Investigation Report ("SPSR") at 3, Dkt. 890;

WHEREAS on October 30, 2024, Mr. Araujo filed a motion for a sentence reduction pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("Motion"), *see* Mot., Dkt. 907, which went into effect on November 1, 2023, and which applies retroactively, *see* U.S.S.G. §§ 1B1.10, 4A1.1(e), 4C1.1;

WHEREAS the United States Probation Department reported that Mr. Araujo is eligible for a sentence reduction, *see* SPSR at 3;

WHEREAS the Government opposed the Motion, *see* Opp., Dkt. 909;

WHEREAS on December 18, 2024, Mr. Araujo replied to the Government's opposition, *see* Reply, Dkt. 910;

WHEREAS Mr. Araujo correctly notes that Part A of Amendment 821 revised the "status points" provision such that "status points" will be applied only to offenders with seven or more criminal history points who were under a criminal justice sentence at the time of their instant offense. *See* Mot. at 2–3. Mr. Araujo argues that under the new Guidelines, his criminal history

points would be reduced from seven to five, and his criminal history category would be reduced from category IV to category III, thus lowering the applicable guidelines range from 100 to 125 months' imprisonment to 87 to 108 months' imprisonment, *see id.* at 3–4;

WHEREAS Mr. Araujo urges the Court to grant his Motion and states that while in prison, he has been "staying out of trouble, . . . [has] maintained a job and has completed multiple programs . . . [and has] a great support system," *see* Reply at 1–2; and

WHEREAS the Government opposes the Motion, arguing that it should be denied because (1) Mr. Araujo is a "career criminal," in the common meaning, and has "demonstrated no remorse and no indication that he . . . [will not] return to crime at every opportunity"; (2) Mr. Araujo has a consistent record of violating prison rules; and (3) the factors set forth in 18 U.S.C § 3553(a) continue to support Mr. Araujo's original sentence, *see* Opp. at 5–6.

IT IS HEREBY ORDERED that Mr. Araujo's Motion is DENIED. Although Mr. Araujo is eligible for a sentence reduction under Amendment 821, the Court has discretion whether to grant a reduction. *See* U.S.S.G. § 1B1.10, Background; *see also United States v. Brooks*, 891 F.3d 432, 436 (2d Cir. 2018) ("[A] sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2)."); *United States v. Sierra*, No. 11-CR-1032, 2024 WL 1075408, at *2–3 (S.D.N.Y. Mar. 12, 2024) (denying a sentence reduction despite defendant's eligibility given the severity of defendant's crimes); *United States v. Vela*, No. 20-CR-607, 2024 WL 1621109, at *1 (S.D.N.Y. Apr. 15, 2024) (citing *United States v. Hilliard*, No. 22-CR-82, 2024 WL 1193606, at *2 (S.D.N.Y. Mar. 20, 2024)) (denying a sentence reduction despite defendant's eligibility because the Court "did not base [its] sentence on the Guidelines range itself . . . [but] [r]ather, it based the sentence on the Section 3553(a) factors"). The Court may also consider the post-sentencing conduct of the defendant in deciding whether to grant a motion

to reduce a defendant's sentence.  *See* U.S.S.G. § 1B1.10, Application Note (1)(B)(iii);  *see also United States v. Akintola*, No. 21-CR-472, 23-CV-3839, 2024 WL 1555304, at *13 (S.D.N.Y. Apr. 10, 2024) (denying a sentence reduction where defendant "filed a baseless Section 2255 motion that lobbed false accusations of misconduct against his prior counsel *and* the Court" after being sentenced for fraudulent conduct); *United States v. Kozel*, No. 19-CR-460, 2024 WL 694102, at *2 (S.D.N.Y. Feb. 20, 2024) (denying a sentence reduction for failure to pay substantial restitution).

      The Court thoroughly considered the Section 3553(a) factors when imposing sentence on Mr. Araujo, including his history and characteristics and the need adequately to deter similar conduct.  Sentencing Tr. at 28:19-32:3, 34:3-35:20.  Mr. Araujo, unlike many of his co-conspirators, graduated from high school.  *Id.* at 28:25-29:1.  His father had a successful welding business and taught Mr. Araujo how to weld.  *Id.* at 28:24-29:3.  Despite having a highly marketable skill, Mr. Araujo consistently engaged in criminal conduct and funded his life — both in and out of prison — with "ill-gotten gains."  *Id.* at 29:10-30:2.  While incarcerated awaiting sentencing, Mr. Araujo smuggled drugs and cell phones into the prison, ultimately making over $20,000 through this illicit trade.  *Id.* at 34:13-17.

      Mr. Araujo's post-sentencing conduct has not markedly improved.  Since Mr. Araujo was sentenced, he has been sanctioned six times for a variety of misconduct, including possession of drugs or alcohol and possession of a hazardous tool.  SPSR at 4; Opp. Ex. A, Dkt. 909-1.  It appears, in fact, that Mr. Araujo has been penalized by the loss of 123 days (or about 4 months) of good time because of his unwillingness to abide by the rules of the prison.  *See* SPSR at 4.

      The Court recognizes that Mr. Araujo has not had any disciplinary infractions since he was transferred to FCI Herlong in April 2024, *see* Reply at 3, but nine months of clear conduct,

3

even if commendable, is not sufficient to persuade the Court that Mr. Araujo has turned over a new leaf and ceased all criminal conduct. Mr. Araujo has participated in educational programs and maintained his work assignments in prison, *see* SPSR at 5, but those alone are not sufficient to warrant a sentence reduction. *See United States v. O'Neill*, No. 22-CR-57, 2024 WL 4363009, at *2 (S.D.N.Y. Oct. 1, 2024) (holding that defendant's "representat[ions] that he has behaved in prison and has participated in programming" are not sufficient to warrant a sentence reduction).

In short, the Court's analysis of the Section 3553(a) factors remains unchanged regardless of Amendment 821. The Court encourages Mr. Araujo to continue to participate in pro-social and educational programming, and to abide by the rules of the facility.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to mail a copy of this order to Mr. Araujo, No. 69460-054, USP Victorville, P.O. Box 3900, Adelanto, CA 92301, and close the open motion at Dkt. 907.

**SO ORDERED.**

**Dated:    February 4, 2025**
**            New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**

4